[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO SET ASIDE VERDICT
On June 8, 2001, the jury in the above-captioned matter entered a verdict in favor of the plaintiff and against the defendants in the amount of $64,000.00.
The defendants have filed a motion to set aside the verdict arguing that the verdict was against the weight of the evidence in that:
 (1) there was no evidence as to the value of the plaintiff's services;
 (2) there was no credible evidence as to the value of the subject real property; and
 (3) there was credible evidence that the defendants were prejudiced by the plaintiff's delay in bringing this action based upon the evidence presented at trial, the jury could not have reasonably and legally reached the conclusion that they did.
In considering a motion to set aside verdict, the trial court must view the evidence offered at trial in the light most favorable to sustaining CT Page 8463 the verdict. Gaudio v. Griffin Health Services, 249 Conn. 523, 534
(1999). The court's determination is whether the evidence reasonably supports the verdict. Id.
The plaintiff in this action offered evidence and testimony to establish the allegations in his complaint alleging breach of contract, quantum meruit (reasonable value of his services) and unjust enrichment by the defendant. His claims arose from certain work he performed in the construction of a Cape Cod vacation home on the property of the defendants, his brother and sister-in-law, back in 1964. The jury rendered a verdict in favor of the plaintiff as to the counts alleging quantum meruit and unjust enrichment — and found for the defendants as to the allegation of breach of contract. The amount of damages awarded to the plaintiff was $64,000.00.
The evidence and testimony at trial included a tax assessor's valuation card for the tax year 2000 regarding the assessed value of the house and the value of the real property it is situated upon.
There was also testimony that the defendants promised the plaintiff that the property would be sold within five years of the completion of the construction by the plaintiff and that the net proceeds from such sale would be divided forty percent to the plaintiff and sixty percent to the defendants. There was testimony that when and if the property was ever sold, the proceeds would be distributed forty/sixty, as previously noted. There was testimony that the plaintiff made repeated demands on the defendants to sell the property and that they indicated that they did not intend to sell the property, but rather retain it for their use and for the use of their children. There was testimony that there was no promise by the defendants that the property would ever be sold and that the plaintiff had performed the labor expended in the construction of the house for other consideration including repayment to the defendants for certain charitable acts they had bestowed upon him prior to his labors on their property.
There was also evidence and testimony regarding the considerable length of time which passed between the construction of the house and the commencement of this action. The plaintiff offered evidence and testimony that the delay in commencement of this action was due to the plaintiff's reliance upon the repeated promises of the defendants that a sale would be forthcoming when, in fact, no such sale was contemplated by the defendants. He also offered evidence and testimony that he exercised forbearance for several years during which time he built a Florida home for the defendants upon an identical representation that he would be compensated for both the Cape Cod and Florida homes after that work was done and other property of the defendants was sold. CT Page 8464
Based upon the evidence and testimony elicited at trial, the court finds, as a matter of law, that there was sufficient evidence adduced at trial to permit the jury, if it found such evidence to be credible, to render its verdict for the plaintiff and against the defendants.
For the foregoing reasons, the defendants' motion to set aside the verdict is denied.
By the Court,
 ___________________ Joseph W. Doherty, Judge